IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID LAMAR JOHNSON, #255 052, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-520-WKW |
| | ) | [WO] |
| MONTGOMERY COUNTY CIRCUIT | ) | |
| COURT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *Petitioner for Writ of Mandamus* filed by Plaintiff, an

indigent state inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama.

Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma*

*pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury."[1]   28 U.S.C. § 1915(g). Consequently, an

inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger"

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

of suffering a serious physical injury must pay the filing fee upon initiation of his case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## I. DISCUSSION

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2] The cases on which this court relies in finding a § 1915(g) violation are: (1) The cases on which the court relies in finding a violation of § 1915(g) include:  (1) *Johnson v. Reno, et al*., Civil Action No. 2:95-CV-1107-ID (M.D.  Ala. 1995); (complaint frivolous); (2) *Johnson v. Giles, et al*., Civil Action No. 2:09-CV-339-WKW (M.D. Ala. 2009) (complaint frivolous); and (3) *Johnson v. State of Ala., et al*., Civil Action No. 1:10-CV-401-TMH (M.D. Ala. 2010) (complaint and appeal frivolous). This court concludes these summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

 "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (internal quotations omitted) (*citing Martin*, 319 F.3d at 1050; *White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998)).

---

[2] This court may take judicial notice of its own records and the records of other federal courts.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir.  1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

Here, Plaintiff files suit against the Montgomery County Circuit Court, the Alabama Court of Civil Appeals, and the Alabama Supreme Court seeking mandamus relief for rulings and decisions made by those courts regarding a complaint Plaintiff filed in state court in 2015 alleging a claim of constitutionally inadequate medical care. Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege nor indicate that he was "under imminent danger of serious physical injury" when he filed this cause of action as required to meet the imminent danger exception to applying 28 U.S.C. § 1915(g). ). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing and Plaintiff's failure to pay the requisite filing and administrative fees upon initiation of this case, the court concludes this case is due to be summarily dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) be DENIED; and

2.   This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is further

ORDERED that **on or before July 6, 2018**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 22nd day of June 2018.


/s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE